# IN THE UNITED STATES DISTRICT COURT
# FOR THE DISTRICT OF NEW MEXICO

YOUNG AMERICA INSURANCE COMPANY,

      Petitioner,

v.                                                     Case No. 18-cv-766 JAP/JHR

FERNANDO MARTINEZ-CARBAJAL,

      Respondent.

and

FERNANDO MARTINEZ-CARBAJAL,

      Counter-Plaintiff,

v.

YOUNG AMERICA INSURANCE COMPANY,

      Counter-Defendant.

## **MEMORANDUM OPINION AND ORDER**

On September 10, 2018, Respondent/Counter-Plaintiff Fernando Martinez-Carbajal (Martinez-Carbajal) filed a motion asking the Court to remand these proceedings to the Second Judicial District Court, County of Bernalillo, State of New Mexico.[1] Petitioner/Counter-Defendant Young America Insurance Company (Young America) opposes the Motion and it is fully briefed.[2] The Court, having considered the parties' briefing and relevant law, determines that Counter-

---

[1] *See* RESPONDENT/COUNTER-PLAINTIFF'S MOTION TO REMAND TO STATE COURT (Motion) (Doc. 5).
[2] *See* PETITIONER/COUNTER-DEFENDANT YOUNG AMERICA INSURANCE COMPANY'S RESPONSE TO RESPONDENT/COUNTER-PLAINTIFF'S MOTION TO REMAND TO STATE COURT (Response) (Doc. 7); RESPONDENT/COUNTER-PLAINTIFF'S REPLY IN SUPPORT OF MOTION TO REMAND TO STATE COURT (Reply) (Doc. 11).

Defendant Young America does not have the right to remove this case under 28 U.S.C. § 1441 and will therefore grant Counter-Plaintiff Martinez-Carbajal's request to remand.

I.   PROCEDURAL HISTORY

On September 7, 2017, Young America filed a Petition for Declaratory Judgment in New Mexico state court under NMSA 1978, §§ 44-6-2 and 44-6-4 asking the state court to declare that Martinez-Carbajal was not entitled to uninsured/underinsured motorist (UM/UIM) coverage for any injury or damage resulting from a December 10, 2015 vehicle collision. *See* Petition for Declaratory Judgment (Petition) (Doc. 1-1). Young America's Petition arose from a four-car collision that occurred on December 10, 2015 in Albuquerque, New Mexico. (Doc. 1-1, ¶ 5). A vehicle struck the car in front of it causing a chain reaction of collisions until ultimately Martinez-Carbajal's vehicle, which was the front vehicle, was struck from behind. (Doc. 1-1, ¶¶ 6-7). The driver of the vehicle alleged to have started the series of collisions fled from the scene, and it is unknown whether that driver had liability insurance. (Doc. 1-1, ¶¶ 8-9). At the time of the collision, Martinez-Carbajal had a Young America vehicle insurance policy with liability limits of $25,000 per person/$50,000 per accident. (Doc. 1-1, ¶ 11). Alleging the at-fault party was underinsured, Martinez-Carbajal filed a claim for UM/UIM coverage on his policy with Young America for injuries and damages related to the collision. (Doc. 1-1, ¶ 12). Young America asserts in its Petition that Martinez-Carbajal rejected UM/UIM coverage on his insurance policy, and Young America seeks a declaration from the state court that Martinez-Carbajal's rejection of UM/UIM coverage is binding and enforceable. (Doc. 1-1, ¶¶ 13-14).

On July 24, 2018, Martinez-Carbajal filed his answer to Young America's Petition, at the same time also asserting a counterclaim against Young America for Personal Injuries, to Recover Uninsured Motorist Benefits, for Insurance Bad Faith, and for Violations of the Unfair Claims

Practices Act. *See* Counterclaim (Doc. 1-17 at 1). On August 9, 2018, Young America filed a Notice of Removal (Doc. 1), seeking to invoke this Court's jurisdiction under 28 U.S.C. § 1332 based on complete diversity of citizenship between Martinez-Carbajal and Young America and an amount in controversy exceeding $75,000.00. Martinez-Carbajal now challenges the removal, in part arguing that Young America is not a true "defendant" entitled to remove.[3]

## II. LEGAL AUTHORITY

Under 28 U.S.C. § 1441, a state court defendant may remove an action to federal court, "when a federal court would have had jurisdiction if the case had been filed there originally." *Topeka Hous. Auth. v. Johnson*, 404 F.3d 1245, 1247 (10th Cir. 2005). "Except as otherwise expressly provided… any civil action brought in a State court of which the district courts of the United States have original jurisdiction, may be removed *by the defendant or the defendants*, to the district court of the United States for the district and division embracing the place where such action is pending." 28 U.S.C. § 1441(a) (emphasis added). Accordingly, "[a] case originally filed in state court may be removed…only if federal subject-matter jurisdiction would exist over the claim." *Firstenberg v. City of Santa Fe*, 696 F.3d 1018, 1023 (10th Cir. 2012) (internal quotation marks and citation omitted). Because federal courts are of limited jurisdiction, there is a presumption against removal jurisdiction, which the defendant seeking removal must overcome. *Dutcher v. Matheson*, 733 F.3d 980, 984-85 (10th Cir. 2013); *see also McPhail v. Deere & Co.*, 529 F.3d 947, 953 (10th Cir. 2008) ("[A]ccording to this and most other courts, the defendant is required to prove jurisdictional facts by a 'preponderance of the evidence.'"). Federal courts are to strictly construe the removal statutes and to resolve all doubts against removal. *Fajen v. Found.,*

---

[3] Because Martinez-Carbajal does not challenge whether Young America has otherwise met the jurisdictional requirements under 28 U.S.C. § 1332, the Court will assume, for purposes of this Motion only, that the requirements have been satisfied.

*Reserve Ins. Co.*, 683 F.2d 331, 333 (10th Cir. 1982). To remove an action to federal court asserting subject-matter jurisdiction under 28 U.S.C. § 1332, which Young America invokes here, the defendant must demonstrate complete diversity of citizenship among the parties and an amount in controversy that exceeds $75,000. *See* 28 U.S.C. § 1332(a).

### III. DISCUSSION

Martinez-Carbajal does not challenge the timeliness of removal nor argue that Young America has failed to establish the requisite components to establish diversity jurisdiction. Rather, Martinez-Carbajal contends that Young America is not a "true defendant" with removal rights under 28 U.S.C. § 1441(a) and therefore cannot remove a case to federal court. (Doc. 5 at 4). Young America responds that it is not seeking to obtain damages from Martinez-Carbajal in the underlying declaratory judgment action, but rather it is Martinez-Carbajal who "is in fact the driving force of the litigation." (Doc. 7 at 3). Young America argues that U.S. Supreme Court precedent, *Mason City & Ft. D.R. Co. v. Boynton,* 204 U.S. 570 (1907), allows removal by the "plaintiff" in such circumstances. (Doc. 7 at 3). Young America further argues that the bad faith counterclaims should be bifurcated from the original action for purposes of removal, and that Young America "should be allowed to litigate Counter-Plaintiff's bad faith claims in federal court, upon the conclusion of the declaratory action." (Doc. 7 at 8).

#### A. Counter-Defendant Young America is not a "defendant" under 28 U.S.C. § 1441(a)

The general removal statute, 28 U.S.C. § 1441(a), provides that only a defendant may remove an action brought in state court to federal court. *See also Shamrock Oil & Gas Corp. v. Sheets*, 313 U.S. 100, 107-08 (1941) (reviewing the history of the removal statute and determining that Congress intended to restrict jurisdiction of federal courts on removal by limiting the right to removal to defendants); 28 U.S.C. § 1446(a) (providing that a "*defendant or defendants* desiring

4

to remove any civil action from a State court" can file a notice of removal (emphasis added)). In seeking to remand this case, Martinez-Carbajal argues that Young America, as the plaintiff in the state case, cannot remove the case to federal court based on Martinez-Carbajal's counterclaim against it.

Martinez-Carbajal points to the U.S. Supreme Court's opinion in *Shamrock Oil & Gas Corporation v. Sheets* in which the Court interpreted 28 U.S.C. § 71, the predecessor to 28 U.S.C. § 1441, to allow removal only by the original state-court defendant, not plaintiffs who were defendants to counterclaims. 313 U.S. 100, 103, 107-08 (1941). In reaching its decision, the Court emphasized that interpretation of removal statutes requires "strict construction" and Congress intentionally "narrow[ed] the federal jurisdiction on removal" by amending the statute in 1887 to allow removal only "by the 'defendant or defendants' in the suit." *Id.* at 108. "Courts have consistently interpreted the Supreme Court's holding in *Shamrock Oil & Gas Corp. v. Sheets* as establishing that only original defendants are '[a] defendant or defendants' under 28 U.S.C. § 1441(a) precluding cross-defendants…from removing cases." *Mach v. Triple D Supply, LLC*, 773 F. Supp. 2d 1018, 1035 (2011) (listing cases); *see also Palisades Collections LLC v. Shorts,* 552 F.3d 327, 333, 337 (4th Cir. 2008) (noting that "[f]or more than fifty years, courts applying *Shamrock Oil* have consistently refused to grant removal power under § 1441(a) to third-party defendants" and concluding that an additional counter-defendant was not a "defendant" for purposes of § 1441(a) and therefore could not remove based on a counterclaim).

Young America argues that it is the "true defendant" in this case because Martinez-Carbajal's "intent to get uninsured motorist proceeds under the Young America policy" is the "mainspring of the proceedings." (Doc. 7 at 4). Young America continues that if Martinez-Carbajal was to concede that he rejected UM/UIM coverage, the case would be dismissed since Young

America does not seek damages from Martinez-Carbajal. (Doc. 7 at 4). For support Young America relies on *Mason City & Fort Dodge Railroad Company v. Boynton*, 204 U.S. 570, 580 (1907). (Doc. 7 at 3-5).

In *Mason*, an Iowa railroad company instituted condemnation proceedings against Boynton, a landowner who was a Missouri citizen. 204 U.S. at 572-73. Under Iowa's condemnation statute, a commission appointed by the sheriff conducted an initial valuation of the land the railroad company sought to condemn. *Id.* at 571. Per state statute, both the condemning entity and the landowner had the right to appeal the commission's initial assessment to state court. *Id.* The statute further provided that the landowner would be named plaintiff in such an appeal, notwithstanding which party sought review of the initial valuation. *Id.* The U.S. Supreme Court held that Boynton, although the named plaintiff under Iowa statute, could remove the condemnation case from state court to federal court, reasoning that Boynton was a defendant within the meaning of the removal statute because "[t]he intent of the railroad to get the land is the mainspring of the proceedings from beginning to end, and the persistence of that intent is the condition of their effect…Therefore, in a broad sense, the railroad is the plaintiff, as the institution and continuance of the proceedings depend upon its will." *Id.* at 580. The U.S. Supreme Court later confirmed that for purposes of removal it is the federal law, rather than state statute, that determines who is a defendant. *Chicago, R.I. & P.R. Co. v. Stude,* 346 U.S. 574, 580 (1954).

The unique circumstances presented in *Mason* do not control the outcome of this case. First, in *Mason* the original state court complaint established the basis for federal court jurisdiction based on diversity of citizenship, whereas here, the requirements for diversity of citizenship can only be met by the addition of the counter-claim's request for damages. Moreover, unlike in *Mason* the idiosyncrasies involved in condemnation proceedings are not at issue in this case. Finally, no

6

statute mandates that a particular party be styled as the plaintiff in this case. Rather, Young America is the named petitioner-plaintiff because it chose to invoke the aid of a court and initiate this case by filing a petition for declaratory judgment in the state court. The Court recognizes that Martinez-Carbajal made a claim for UM/UIM coverage with Young America. And a decision by Young America to outright deny or grant to Martinez-Carbajal UM/UIM coverage under his policy prior to court action may have altered the present course. But it is Young America who chose to seek in state court a judicial resolution to the question about whether Martinez-Carbajal's alleged rejection of UM/UIM coverage was binding and enforceable. Construing the removal statute narrowly as Congress intended, the Court concludes that Young America is the plaintiff and has no right under 28 U.S.C. § 1446(a) to remove this case to federal court.

**B. Post-removal bifurcation of claims to create federal jurisdiction in this case is improper**

Alternatively, Young America argues that the counterclaims are separate and distinct from the declaratory judgment action and therefore should be bifurcated allowing Young America the opportunity to pursue Martinez-Carbajal's claims in federal court after the declaratory action in state court concludes. (Doc. 7 at 8). Certainly, a court has broad discretion to bifurcate clearly separable issues in a case, *Angelo v. Armstrong World Indus., Inc.*, 11 F.3d 957, 964 (10th Cir. 1993), and bifurcation is often in the interest of efficiency and judicial economy when resolution of one claim may render moot the need to resolve one or more remaining claims, *Mandeville v. Quinstar Corp.*, 109 Fed. App'x 191, 194 (10th Cir. 2004). Young America cites to *Aragon v. Allstate Insurance Company*, 185 F. Supp. 3d 1281, 1286-87 (D.N.M. 2016) in which the court held that bifurcation of the insured's bad faith insurance claims from her claim for UIM benefits was appropriate in part because a decision in favor of the insurance company on the UIM claim would render the bad faith claims moot.

From a procedural standpoint, *Aragon* is inapposite to the case presently before this Court. The defendant insurance company in *Aragon* had properly removed the case to federal court invoking diversity jurisdiction, and only *after* the case was properly removed did the defendant ask the court to bifurcate claims contained within the plaintiff insured's initial complaint. Young America here is asking this Court to bifurcate claims for the sole purpose of trying to create a basis for federal court jurisdiction. This request is entirely without foundation.

**C. The Court will not award attorney fees and costs under 28 U.S.C. § 1447(c)**

Finally, Martinez-Carbajal requests that the Court award attorney fees and costs incurred because of Young America's improper removal of the case to federal court. (Doc. 5 at 7; Doc. 11 at 4). Young America argues that that the Court should not award attorney fees and costs because it presented "two distinct objectively reasonable basis supporting removal." (Doc. 7 at 9). Under 28 U.S.C. § 1447(c) a court has wide discretion to award "just costs and any actual expenses, including attorney fees, incurred as a result of the removal" when a remand is ordered. The key factor in determining whether to award fees and costs once remand is ordered is the propriety of defendant's removal. *Martin v. Franklin Capital Corp.*, 393 F.3d 1143, 1146 (10th Cir. 2004). "[I]f a defendant's removal could be fairly supported by the law at the time, even if later deemed incorrect, a district court's discretionary decision not to award fees is appropriate." *Id.* at 1147.

The Court finds that Young America's suggestion that it could bifurcate the UIM and bad faith claims post-removal to create jurisdiction over the Martinez-Carbajal's bad faith claims is objectively unreasonable. Nevertheless, Young America's primary argument that it was entitled to remove this case as the "true defendant" based on its reading of *Mason*, albeit incorrect, in conjunction with its statement of the grounds for removal contained in the removal notice, lead the

8

Court to find that Young America did not lack an objectively reasonable basis for seeking removal. Accordingly, the Court will deny Counter-Plaintiff Martinez-Carbajal's request for fees and costs.

IT IS THEREFORE ORDERED that Respondent/Counter-Plaintiff's Motion to Remand to State Court (Doc. 5) is GRANTED in part and DENIED in part. The case is hereby remanded to the Second Judicial District Court, County of Bernalillo, State of New Mexico. Counter-Plaintiff's request for attorney costs and fees, however, is denied.

_____
SENIOR UNITED STATES DISTRICT COURT JUDGE

9